# L. D. HARMON Et Al.
## vs.
# ALEXANDER MOFFITT.

1. In an action against the indorser of a dishonored promissory note a new trial will not be granted because the plaintiff did not offer the note in evidence to the jury when it appears that the note was attached to the declaration, and that on the cross-examination of the defendant's witnesses the note was produced and proved.
2. An indorser who is a party to the original contract for which the indorsed note is given is liable thereon if after its dishonor he promised to pay the same, even though no actual demand on the maker or notice of dishonor be proven on the trial.

Law No. 3163. Decided October 20, 1868.

MOTION for a new trial on a bill of exceptions.

THE FACTS are sufficiently stated in the opinion.

MR. T. J. D. FULLER, for plaintiff:

The evidence of the contract for the sale of lumber, and of the giving a note in payment therefor, which the defendant below admitted by his demurrer to the evidence, was evidence on which no judge would have been justified in directing the jury to find for the defendant.

The plaintiffs have declared against the defendant as endorser, and sue also upon the common counts. The sale of lumber was to Howe and Moffitt jointly; the credit was given to them jointly, and it was to be paid for by their note on time. The form of the note is a matter of no moment.

Upon the second branch of the case the law is clear and well settled that an unconditional promise by an indorser to pay the note dispenses with the necessity of proof of a demand upon the maker and notice to himself. It is said that the promise must be made with knowledge of the laches of the holder. This latter question was one of pure fact, and it was for a jury to determine it.

*38*

MR. SAML. PHILLIPS for the defendant:

The defendant was only liable as indorser. The statement of the evidence shows this was the intention, and his indorsement of the note was the contract carrying out this intention.

Knowledge by indorser of the laches of the plaintiff in not making demand and giving notice, is necessary before waiver of the laches can be presumed. A mere unconditional promise to pay is not evidence of knowledge. Thornton vs. Wynn, 12 Wheaton, 183.

When plaintiff closed his case there was no evidence of the date of the note, of the manner of indorsement, the amount, where and how, or when it was payable; nothing to show that the allegation of the declaration were supported by the proof, and therefore the justice erred in not sustaining the demurrer to the evidence.

MR. JUSTICE WYLIE delivered the opinion of the Court:

The plaintiffs were partners, and claim that they sold to the defendant and one P. House, who bought the same jointly, a bill of lumber amounting to $1,445.79, for which they gave the promissory note of the said House, indorsed by Moffitt at four months. The note was dated the 10th of April, 1865, and was made "payable at any bank in Washington, D. C." It fell due on the 13th of August, when demand of payment was made at the First National Bank and two banking houses in said city, which was refused and notice thereof being sent by mail to the maker and indorser, directed to the cashier of the First National Bank of Alexandria, through whom it had been doubtless sent for collection, and whose name as cashier was also on the back of the note.

The declaration contains a count on defendant's indorsement, and avers due demand made on the maker for payment, and notice of non-payment given to the defendant and the note and protest are attached to the declaration.

It also contains a count for goods sold and delivered to the amount of the note.

Defendant pleaded: 1st. That he never was indebted as alleged. 2d. That he did not promise as alleged. 3d. A failure of the consideration of said note, and that $622.80 was all that was due. 4th. Defendant claimed to recoup $500 expended in transporting the lumber, the sale and delivery of said lumber being the consideration of the note.

On the trial, the plaintiffs gave evidence tending to show that they sold the lumber to House and Moffitt jointly, and that credit was given to them jointly, and that they received the promissory note in question in payment of said bill; that after the note had become due the defendant promised to pay it, but subsequently refused to do so, and thereupon closed his case. Thereupon defendants asked the Court to instruct the jury that the verdict must be for the defendant on the ground that neither the promissory note sued on nor proof of demand and notice had been given to the jury, but the Court refused to so instruct the jury, to which refusal the defendant thereupon excepted. A verdict was then rendered for the plaintiff.

We think the Court below was right in refusing to grant this instruction. The note and protest were attached to the declaration filed in the case, and it further appears that on the cross-examination of the defendant's witnesses, the note in question was produced and proved. As to the objection that there was no proof of demand on the maker, and notice of non-payment to the indorser, the promise to pay by the defendant was *prima facie* evidence that the note had been properly presented, dishonored, and due notice given the indorser. Lord Ellenborough decided this in 7th East., 231. This doctrine is entirely consonant with Thornton *vs.* Wynn, 12 Wheaton, 183.

MR. CHIEF JUSTICE CARTTER, concurring, said:

I base my judgment on the fact that this indorser was

one of the vendees of this property. This is a proved and admitted fact in the case. There is nothing in the case to show that the relations of the parties to the transaction were any other than relations of convenience; nothing to show that the position of the parties was altered by the mere taking of a promissory note. In the view I take of the case, the indorser was really one of the makers of the note. When the plaintiffs sold this lumber they sold it to be paid for, and they never have been paid for it. The fact that one of the purchasers put himself in the position of maker and the other indorser does not alter their relations. This view of the matter sheds light on the questions of want of demand and notice and the effect of the promise to pay. It is said that this was a naked promise, but I think not. The purchase of the lumber was its consideration, and as the indorser was an original purchaser his promise was good, whether or not a demand had been made on his co-partner or not.

Mr. JUSTICE OLIN, dissenting, said:

I think it pretty well settled law that, if the defendant be sued as indorser he can not be sued in any other capacity —as an original party or otherwise. The note given concluded the contract of sale, and was evidence of its character. I do not concur that a promise of the indorser to pay the note after maturity, is even *prima facie* evidence of the waiver of the indorser's right to take notice of the maker's default, unless the indorser was aware that he was discharged of his obligation to pay at the time he made the promise; such promise was void, as made under a misapprehension of facts, and certainly could not be made the foundation of an action on a promissory note.

Judgment affirmed.